UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| IN RE: | ) | |
|---|---|---|
| | ) | |
| JOHN EDWARD KOZ AND | ) | |
| HEATHER MASSEY KOZ, | ) | Case No. 16-30917 |
| | ) | Chapter 7 |
| Debtors. | ) | |

MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE §105 AND B.R. 9019
AUTHORIZING AND APPROVING SETTLEMENT OF CONTROVERSY

NOW COMES the Trustee, A. Burton Shuford, by and through his undersigned attorney, and moves this Court for an Order, pursuant to Bankruptcy Code §105 and B.R. 9019, authorizing and approving the Settlement Agreement by and between A. Burton Shuford, Trustee in Bankruptcy for John Edward Koz and Heather Massey Koz (the "Trustee") and Heather Massey Koz (the "Debtor") and respectfully represents:

BACKGROUND

1. On June 2, 2016 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code with the Western District of North Carolina and A. Burton Shuford was appointed Chapter 7 Trustee.

2. The Trustee and the Debtor have engaged in discussions and negotiations in an attempt to settle and resolve the various matters in contention between them and have agreed to the Settlement Agreement (the "Settlement") entered into by and between the Trustee and the Debtor annexed hereto as Exhibit "A."

3. This Court has jurisdiction to adjudicate the issues raised in this Motion pursuant to 28 U.S.C. Section 157 and 28 U.S.C. Section 1334.

4. Venue for this matter is proper in this Court pursuant to 28 U.S.C. Section 1409.

RELIEF REQUESTED

5. Pursuant to this Motion, the Trustee requests that this Court enter an order pursuant to Bankruptcy Code Section 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, providing for the settlement of this controversy upon the conditions set forth in the Settlement.

6. On the date of the filing of the Petition the Debtor was the owner of all of the membership interests in Kustom Contracting, LLC ("Kustom").

7.    The Trustee has asserted that the Debtor's interest in Kustom is an asset of the Debtor's bankruptcy estate that should be turned over to the Trustee and administered for the benefit of the Debtor's bankruptcy estate.

8.    After negotiations with the Debtor, and factoring in potential litigation costs and the risks of litigation, the Trustee and the Debtor have resolved the Trustee's demand for turnover of Kustom without the necessity of litigation, upon the terms and conditions set forth in the attached Settlement Agreement. More specifically, pursuant to the Settlement, the Trustee and the Debtor agree that the Debtor will pay to the Trustee the sum of $10,000 upon the terms and conditions set out in the Settlement, in final settlement of the Estate's interest in Kustom. In order for this Settlement to bind any of the parties to it, it must be approved by the Bankruptcy Court.

## BASIS FOR RELIEF REQUESTED

9.    The "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion." In re Arrow Air, Inc., 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the Trustee [or debtor in possession]". Depo v. Chase Lincoln First Bank (In re Depo), 77 B.R. 381, 384 (citations omitted). Nor is the bankruptcy court to "decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2nd Cir. 1983), cert denied. 464 U.S. 822 (1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir.), cert denied, 409 U.S. 1039 (1972)). See In re Holywell Corporation, et al., 93 B.R. 291, 294 (S.D. Fla 19889) ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'")(quoting In re Teltronics Services, Inc., 762 F. 2d 185, 189 (2d Cir 1985). In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel." In re Bell & Beckwith, 93 B.R. 569, 574 (Bankr. N.D. Ohio 1997).

10.    In this case, in light of the costs and uncertainty associated with litigating the issues between the Trustee and the Debtor and the risks and difficulties associated with the collection of any award received by the Trustee, the Trustee has elected to enter into the annexed Settlement. The resolution of these claims is far more expedient and cost effective than litigation. As a result, the Trustee believes that the proposed Settlement is fair and reasonable and in the best interests of the estate.

11.    Accordingly, and based upon the foregoing, the Trustee respectfully requests that the Court authorize and approve the Settlement as being fair and reasonable and in the best interests of the estate.

WHEREFORE, the Trustee prays for the entry of an order authorizing and approving the Settlement Agreement annexed hereto as Exhibit "A", upon the terms and conditions set forth therein.

This the 1st day of September, 2017.

/s/ A Burton Shuford
A. Burton Shuford, NCBN 10035
Attorney for the Trustee
4700 Lebanon Road, Suite A-2
Mint Hill, NC  28227
Direct Dial: (980) 321-7000
bshuford@abshuford.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN EDWARD KOZ AND | ) | |
| HEATHER MASSEY KOZ, | ) | Case No. 16-30917 |
| | ) | Chapter 7 |
| Debtors. | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 1st day of September 2017, by and between A. Burton Shuford, Trustee in Bankruptcy for John Edward Koz and Heather Massey Koz ("Trustee") and Heather Massey Koz (the "Debtor").

WHEREAS, the Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Western District of North Carolina on June 2, 2016 and A. Burton Shuford was appointed Chapter 7 Trustee; and

WHEREAS, on the date of the filing of the Petition the Debtor was the owner of all of the membership interests in Kustom Contracting, LLC ("Kustom"); and,

WHEREAS, the Debtor claimed no exemption in her interest in Kustom; and,

WHEREAS, the Trustee has asserted that the Debtor's interest in Kustom is an asset of the Debtor's bankruptcy estate that should be turned over to the Trustee and administered for the benefit of the Debtor's bankruptcy estate; and,

WHEREAS, the Trustee and the Debtor have engaged in discussions and negotiations in an attempt to resolve the Trustee's claim for turnover of Kustom without the necessity of litigation and the Trustee and Debtor have agreed to settle such demand, upon the terms and conditions set forth in this Agreement.

NOW, THEREFORE, it is hereby agreed by and between all parties as follows:

1. That the Debtor will pay to the Trustee, in full satisfaction of the Bankruptcy Estate's interest in Kustom, the sum of $10,000 in twelve payments according to the following schedule:


EXHIBIT A

| Payment Date | Payment Amount | Remaining Balance |
|---|---|---|
| 9/30/17 | $500 | $9,500 |
| 10/30/17 | $500 | $9,000 |
| 11/30/17 | $500 | $8,500 |
| 12/30/17 | $500 | $8,000 |
| 1/30/18 | $500 | $7,500 |
| 2/28/18 | $500 | $7,000 |
| 3/30/18 | $500 | $6,500 |
| 4/30/18 | $500 | $6,000 |
| 5/30/18 | $500 | $5,500 |
| 6/30/18 | $500 | $5,000 |
| 7/30/18 | $500 | $4,500 |
| 8/30/18 | $4,500 | $0 |

2. That should the Debtor default in the above payments, then the Trustee shall give ten days written notice of such default to the Debtor's attorney and the Debtor at the address set out in the Bankruptcy Court records.

3. Should the Debtor fail to cure the default within ten days of the date of the Trustee's notice thereof, the Trustee may:

   a) Cancel this agreement;

   b) Immediately expose the Debtor's interest in Kustom for sale; and,

   c) Retain any funds paid by the Debtor prior to default as liquidated damages.

4. Upon the Trustee's receipt of the final payment from the Debtor and the final payment clearing the account on which it was drawn and the Trustee having received the funds in the estate bank account, and the Debtor otherwise not being in default of this Settlement Agreement, the Trustee shall be deemed to have waived and released any claim of the Trustee or the Debtor's bankruptcy estate to administer the Debtor's interest in Kustom.

5. The Trustee shall file the appropriate motion with the U.S. Bankruptcy Court to obtain approval of this Agreement. The Trustee believes that this is a fair and reasonable settlement and will inure to the benefit of the Debtor's bankruptcy estate.

6. This Agreement shall be binding upon the Trustee, the Debtor's bankruptcy estate, Debtor and their heirs, successors and/or assigns and shall inure to the benefit of the Trustee, the Debtor's bankruptcy estate and Debtor and their heirs, successors and/or assigns upon its approval by the U.S. Bankruptcy Court.

7. The Trustee and Debtor hereby mutually acknowledge and represent that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, and that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same.

8. That each party hereto shall bear its, his or her own costs and attorney's fees incurred.

9. This Agreement constitutes the entire agreement and understanding between the parties relating to the subject matter contained herein, and this Agreement may not be altered, amended or modified in any respect or particular whatsoever, except by a writing duly executed by all parties hereto.

10. This Agreement may be executed in counterparts, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

11. The U.S. Bankruptcy Court for the Western District of North Carolina shall retain jurisdiction over the enforcement of this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed as of the day and year first above written.

/s/ A. Burton Shuford
A. Burton Shuford, N.C. Bar #10035
*Attorney for the Trustee*
4700 Lebanon Road, Suite #A-2
Mint Hill, NC  28227
Tel. 980.321.7005; Fax 704.943.1152
E-mail: bshuford@abshuford.com

/s/ James H. Henderson
James H. Henderson
Attorney for Heather Massey Koz

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOHN EDWARD KOZ AND ) | |
| HEATHER MASSEY KOZ, ) | Case No. 16-30917 |
| ) | Chapter 7 |
| Debtors. ) | |

NOTICE OF MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE §105 AND
B. R. 9019 AUTHORIZING AND APPROVING SETTLEMENT OF CONTROVERSY AND
NOTICE OF OPPORTUNITY FOR HEARING

A. Burton Shuford, Trustee, has filed papers with the Court as described above. A copy of this Motion is attached to this Notice. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)** If you do not want the court to grant relief requested in the attached Motion, or if you want the court to consider your views on the Motion, then **within 14 days of this notice,** you or your attorney must file with the Court a written response to the Motion which response must comply with local Bankruptcy Rule 9013-1 at:

**Clerk United States Bankruptcy Court
401 West Trade Street
Charlotte, NC 28202**

If you mail your response to the Court for filing, you must mail it early enough so that the court will receive it on or before the date stated above. You must also mail a copy to:

**A. Burton Shuford
4700 Lebanon Road, Suite A-2
Mint Hill, NC 28227**

No hearing will be held on this Motion unless a response is timely filed and served, in which case, the Court will conduct a hearing on **September 25, 2017 at 9:30 a.m.,** at the United States Bankruptcy Court, 401 West Trade Street, Charlotte, North Carolina. No further notice of this hearing will be given. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the requested relief.

This the 1st day of September, 2017.

/s/ A Burton Shuford
A. Burton Shuford, NCBN 10035
Attorney for the Trustee
4700 Lebanon Road, Suite A-2
Mint Hill, NC 28227
Direct Dial: (980) 321-7000
bshuford@abshuford.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOHN EDWARD KOZ AND ) | |
|   HEATHER MASSEY KOZ, ) | Case No. 16-30917 |
| ) | Chapter 7 |
| Debtors. ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served a copy of the *MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE §105 AND B. R. 9019 AUTHORIZING AND APPROVING SETTLEMENT OF CONTROVERSY AND NOTICE OF OPPORTUNITY FOR HEARING* by either Electronic Case Filing or Facsimile or by depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed, addressed to the parties listed below and on the attached Exhibit A:

US Bankruptcy Administrator                                  Via Electronic Case Filing

James H. Henderson, Counsel for Debtors            Via Electronic Case Filing

John Edward Koz
Heather Massey Koz
5039 Poplar Grove Dr.
Charlotte, NC 28269

This the 1st day of September, 2017.

                                                       /s/ A Burton Shuford
                                                       A. Burton Shuford, NCBN 10035
                                                       4700 Lebanon Road, Suite A-2
                                                       Mint Hill, NC  28227
                                                       Direct Dial: (980) 321-7000
                                                       bshuford@abshuford.com
                                                       Attorney for the Trustee

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0419-3<br>Case 16-30917<br>Western District of North Carolina<br>Charlotte<br>Thu Aug 31 16:31:28 EDT 2017 | Gulfside Supply, Inc. d/b/a Gulfeagle Supply<br>c/o Jill C. Walters<br>Poyner Spruill LLP<br>P.O. Box 1801<br>Raleigh, NC 27602-1801 | Charlotte Division<br>401 West Trade Street<br>Charlotte, NC 28202-1633 |
| 3 C Homes, Inc fka Kola Construction Inc<br>5029 Poplar Grove Drive<br>Charlotte, NC 28269-0405 | 84 Lumber<br>c/o William E Blick Est<br>Gordon & Rees<br>707 Grant Street Ste 3800<br>Pittsburgh, PA 15219-1933 | 84 Lumber Company, L.P.<br>707 Grant Street<br>Suite 3800<br>Pittsburgh, PA 15219-1933 |
| Adrian M Lapas<br>PO Box 46<br>642 N Spence Avenue<br>Goldsboro, NC 27534-4233 | American Builders & Contractors<br>Supply Co Inc t/a ABC Supply Co Inc.<br>c/o Howard M Labiner Esq<br>PO Box 3425<br>Matthews, NC 28106-3425 | American Builders & Contractors Supply<br>c/o H. Labiner<br>PO Box 3425<br>Matthews, NC 28106-3425 |
| American Express Bank FSB<br>c/o Becket & Lee, LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | American Express Bank FSB<br>c/o Jonathan Thomas Small Esq<br>1078 W Fourth Street<br>Winston Salem, NC 27101-2411 | BB&T, Bankruptcy Section<br>100-50-01-51<br>P.O. Box 1847<br>Wilson, NC 27894-1847 |
| Bank of America<br>9115 Harris Corners Pkwy Ste 150<br>Charlotte, NC 28269-3778 | Beacon Sales Acquisition Inc<br>c/o Adrian M Lapas<br>112 N William Street<br>Goldsboro, NC 27530-3702 | (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 |
| Capital City Roofing Supply of Charlotte<br>c/o Nathan D Robinson Esq<br>The Sigmon Law Firm PA<br>PO Box 17249<br>Raleigh, NC 27619-7249 | Capital City Roofing Supply of Charlotte, LL<br>c/o Hunter Warfield<br>4620 Woodland Corporate Blvd.<br>Tampa, FL 33614-2415 | Capital One<br>PO Box 71087<br>Charlotte, NC 28272-1087 |
| Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Carolina Skin Surgery Center<br>2615 East 7th St<br>Charlotte, NC 28204-4376 | Citibank<br>PO Box 9001037<br>Louisville, KY 40290-1037 |
| Concentra Medical Centers<br>8943 S Tryon St Ste K<br>Charlotte, NC 28273-3539 | Credit Counsel, Inc<br>1400 N E Miami Gardens Dr #216<br>Miami, FL 33179-4844 | Creditors Collection Bureau Inc<br>PO Box 63<br>Kankakee, IL 60901-0063 |
| Go Financial<br>P.O. Box 52526<br>Phoenix, AZ 85072-2526 | Gulfside Supply Inc<br>c/o Sarah L DiFranco Esq<br>301 S College Street Ste 2300<br>Charlotte, NC 28202-6041 | Gulfside Supply, Inc. dba Gulfeagle Supply<br>P. O. Box 1801<br>Raleigh, NC 27602-1801 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Jill C. Walters<br>Poyner Spruill LLP<br>P. O. Box 1801<br>Raleigh, NC 27602-1801 |

| | | |
|---|---|---|
| Kola Construction, Inc.<br>5039 Poplar Grove Road<br>Charlotte, NC 28269-0405 | Kola Exterior, Inc.<br>5039 Poplar Grove Road<br>Charlotte, NC 28269-0405 | Kola Exteriors, Inc.<br>5039 Poplar Grove Road<br>Charlotte, NC 28269-0405 |
| Kustom Contracting, LLC<br>5039 Poplar Grove Road<br>Charlotte, NC 28269-0405 | Lockhart PLLC<br>1200 The Plaza Ste F<br>Charlotte, NC 28205-5046 | Mecklenburg Radiology Assoc<br>PO Box 221249<br>Charlotte, NC 28222-1249 |
| Medicredit Inc<br>PO Box 1629<br>Maryland Heights, MO 63043-0629 | NC Department of Revenue<br>Bankruptcy Unit<br>PO Box 1168<br>Raleigh, NC 27602-1168 | North Carolina Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 |
| Novant Health<br>PO Box 71049<br>Charlotte, NC 28272-1049 | Ortho Carolina<br>PO Box 602185<br>Charlotte, NC 28260-2185 | PNC Bank<br>230 E W.T. Harris Blvd<br>Charlotte, NC 28262-3492 |
| Presbyterian Pathology Group<br>PO Box 4370<br>Florence, SC 29502-4370 | Providence Aneshesiology Assoc<br>PO Box 14000<br>Belfast, ME 04915-4033 | Robert J. Bernhardt<br>Bernhardt and Strawser, P.A.<br>5821 Fairview Rd.; Ste. 100<br>Charlotte, NC 28209-3829 |
| Roofing Supply Group LLC<br>c/o Philip D Lambeth Esq<br>Harkey Lambeth LLP<br>1043 E Morehead Street Ste 300<br>Charlotte, NC 28204-2871 | SCA Collections<br>300 East Arlington Blvd<br>Parliament Place, Ste 6-A<br>Greenville, NC 27858-5043 | SRS Distribution Inc<br>c/o Philip D Lambeth Esq<br>Harkey Lambeth LLP<br>1043 E Morehead Street Ste 300<br>Charlotte, NC 28204-2871 |
| Solstas Lab Partners<br>PO Box 35907<br>Greensboro, NC 27425-5907 | Solstas Lab Partners<br>PO Box 740032<br>Cincinnatti, OH 45274-0032 | Stern Recovery Services, Inc<br>PO Box 14899<br>Greensboro, NC 27415-4899 |
| U.S. Bankruptcy Administrator Office<br>402 W. Trade Street<br>Suite 200<br>Charlotte, NC 28202-1673 | William E. Blick<br>Gordon & Rees, LLP<br>707 Grant Street, Suite 3800<br>Pittsburgh, PA 15219-1933 | William J Allen P A<br>PO Box 474690<br>Charlotte, NC 28247-4690 |
| William T Latham<br>c/o Harrison A Lord Esq<br>Bernhardt and Strawser P A<br>5821 Fairview Road Ste 100<br>Charlotte, NC 28209-3829 | William T. Latham<br>c/o Robert J. Bernhardt<br>Bernhardt and Strawser, P.A.<br>5821 Fairview Rd.; Ste. 100<br>Charlotte, NC 28209-3829 | A. Burton Shuford<br>4700 Lebanon Road,<br>Suite #A-2<br>Mint Hill, NC 28227-8265 |
| Heather Massey Koz<br>5039 Poplar Grove Dr.<br>Charlotte, NC 28269-0405 | James H. Henderson<br>JAMES H. HENDERSON, P.C.<br>1201 Harding Place<br>Charlotte, NC 28204-2826 | John Edward Koz<br>5039 Poplar Grove Dr.<br>Charlotte, NC 28269-0405 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Branch Banking & Trust
P.O. Box 2306
Wilson, NC 27894

IRS
Internal Revenue Service
Kansas City, MO 64999-0010


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Barclays Bank
Barclays House
1234 Pavilion Dr
Northampton, GU

(d)Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

(d)William J Allen, P.A.
PO Box 474690
Charlotte, NC 28247-4690


(u)Edward P Bowers

(u)Teresa Wilson

End of Label Matrix
Mailable recipients    59
Bypassed recipients     5
Total                  64